**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4568**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MARCUS SHUAIB SMITH, a/k/a Lo,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:15-cr-00051-BR-1)

Submitted:  May 2, 2017                                      Decided:  May 23, 2017

Before GREGORY, Chief Judge, and NIEMEYER and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Richard Croutharmel, RICHARD CROUTHARMEL, ATTORNEY AT LAW, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Barbara D. Kocher, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcus Shuaib Smith appeals from the district court's order denying his motion to suppress more than 150 pounds of marijuana recovered from a stash house following the execution of search warrants that authorized law enforcement officers to place GPS trackers on vehicles registered to Smith's then-girlfriend, Jevae Pope. We affirm.[*]

When considering the denial of a motion to suppress, we review legal determinations de novo and factual findings for clear error. *United States v. White*, 850 F.3d 667, 672 (4th Cir. 2017). While the fruits of an unconstitutional search ordinarily are excluded, "evidence obtained pursuant to a search warrant issued by a neutral magistrate does not need to be excluded if the officer's reliance on the warrant was 'objectively reasonable.'" *United States v. Perez*, 393 F.3d 457, 461 (4th Cir. 2004) (quoting *United States v. Leon*, 468 U.S. 897, 922 (1984)). This good faith exception to the exclusionary rule will not apply, however, where "the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth," or where "the affidavit supporting the warrant is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *United States v. Doyle*, 650 F.3d 460, 467 (4th Cir. 2011) (internal quotation marks omitted).

---

[*] Smith proceeded to trial, where he was convicted by a jury of conspiracy to distribute and possess with the intent to distribute a substance containing a detectable amount of marijuana, in violation of 21 U.S.C. § 846 (2012), and possession with the intent to distribute fifty kilograms or more of marijuana, in violation of 21 U.S.C. § 841(a)(1) (2012). Smith was sentenced to 132 months' imprisonment.

Smith argues that the search warrants lacked probable cause and that the good faith exception is inapplicable. Because we conclude that law enforcement's reliance on the search warrants was objectively reasonable, we need not consider whether there was a substantial basis for a finding of probable cause. *Leon*, 468 U.S. at 925.

Law enforcement obtained six search warrants supported by substantially similar affidavits to track three vehicles allegedly owned by Pope and operated by Smith. The affidavits asserted that Smith had been robbed at his residence in April 2013, and that the suspect informed police that Smith "was a known drug dealer with over 1 million dollars in product in a stash house." Additional allegations tied Smith to Pope and three vehicles registered in her name.

Smith contends that the affidavits contained misleading information about his prior marijuana charges, a confidential informant's tip, and the affiant's knowledge concerning Smith's operation of the targeted vehicles. The substance of this argument, however, is addressed not to misleading allegations, but rather to weaknesses in the affidavits. While additional information about Smith's criminal history, the timing of the informant's tip, and the affiant's basis of knowledge would have bolstered the affidavits, the absence of this information did not, without more, render them misleading.

Smith also argues that the affidavits were so lacking in probable cause that reliance thereon was unreasonable. Four different North Carolina superior court judges determined that the affidavits were sufficient to show probable cause. Even assuming, without deciding, that these decisions were erroneous, the consensus among these judicial officers

3

indicates that law enforcement's reliance on the warrants was objectively reasonable. *See United States v. Lalor*, 996 F.2d 1578, 1583 (4th Cir. 1993).

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*